# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                                          CIVIL ACTION NO. 1:01-CR-14-M

ZORIDA MERCEDES BLEWETT                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Zorida Mercedes Blewett's motion for reduction or modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court will deny Defendant's motion.

## I. FACTS

On May 24, 2002, a Judgment and Commitment was entered against Defendant Blewett sentencing him to 262 months in prison on three counts relating to crack cocaine offenses. Defendant Blewett filed an appeal, but then voluntarily dismissed it. In March 2008, Defendant Blewett filed a motion to reduce his sentence based on recent amendments to the Sentencing Guidelines. Counsel was appointed and a Memorandum of Recalculation was prepared to determine if he was entitled to any reduction in sentence under the 2007 and 2008 Amendments relating to crack cocaine offenses to the United States Sentencing Guidelines. In February 2009, the Court found that the amendment to the crack cocaine guideline did not lower Defendant Blewett's applicable guideline range because his sentencing range was based on his status as a career offender and not because his offense involved cocaine base.

On January 21, 2011, Defendant Blewett filed the instant motion to reduce or modify his sentence. He argues that under the Fair Sentencing Act of 2010, which altered the drug quantities which trigger the statutory penalties under 21 U.S.C. § 841(b)(1), his sentence should

be reduced.

## II. ANALYSIS

The Fair Sentencing Act of 2010 does not justify a reduction in Defendant Blewett's sentence because it does not apply retroactively. Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See*, *e.g.*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment should apply retroactively, courts presume it applies only prospectively to future conduct. *Id.* at 278; *see also Greene v. United States*, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.").

Finding no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting Defendant's argument that the Act applies retroactively, the Court will not reduce Defendant's sentence. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("The new law at issue here, the Fair Sentencing Act of 2010, contains no express

statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [defendant] committed the crime in question.").

### III. ORDER

Accordingly, **IT IS ORDERED** that the motion for reduction of sentence (DN 93) is **DENIED** without prejudice. Should the Sentencing Commission make the Fair Sentencing Act of 2010 retroactive, Blewett may renew his motion at that time.

Date:


cc: Movant/Defendant, *pro se*
　　　U.S. Attorney
4414.009